IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN LEE SCOTT, SR **Plaintiff,** v. WHITNEY R. BAILEY, *et al.*, **Defendants.** | CIVIL ACTION NO. 22-3654 |

MEMORANDUM OPINION

Rufe, J.                                                                                                          August 31, 2023

Plaintiff Norman L. Scott, Sr., proceeding *pro se*, brings this action against his former employer, The Children's Hospital of Philadelphia ("CHOP"), and two individuals, Whitney R. Bailey and Donald Glover, for defamation. Defendants have moved to dismiss the Complaint. For the reasons discussed below, the Complaint will be dismissed without prejudice and with leave to amend.

I.     BACKGROUND[1]

Plaintiff's Complaint alleges that "[o]n or about December 2020, April 2021," Defendants "made an utterly false and defamatory statement against the Plaintiff accusing him of secretly recording a meeting."[2] Plaintiff further alleges that Defendants "knew or should have known the statement [was] false when made" and that they made the statement with "actual malice and willful intent."[3] Plaintiff alleges that the "whole Biomedical Department" at CHOP

---

[1] For purposes of the motion to dismiss, the Court takes all of the factual allegations in the Complaint as true.

[2] Pl.'s Compl. [Doc. No. 1] at 3.

[3] Pl.'s Compl. [Doc. No. 1] at 3.

was involved in the events giving rise to the Complaint.[4] Plaintiff alleges that his character and reputation were harmed.[5] On December 1, 2020, CHOP's human resources department ("HR") notified Plaintiff that they had conducted an investigation into the allegation and concluded there was no wrongdoing.[6]

Defendants have filed two motions to dismiss.[7] The first argues that Plaintiff's claim is barred by the statute of limitations, that Plaintiff insufficiently pled a claim for defamation, and that the alleged defamatory statement was conditionally privileged.[8] The second motion, filed after Plaintiff received a discharge from bankruptcy, argues that Plaintiff is estopped from pursuing this case because he failed to disclose it during the bankruptcy proceedings.[9]

## II.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a moving party's complaint must set forth "[f]actual allegations . . . enough to raise a right to relief above the speculative level."[10] In assessing whether the complaint sets forth sufficient factual allegations, the court must "accept as true all of the allegations contained in a complaint[,]" but may disregard any legal conclusions.[11]

---

[4] Pl.'s Compl. [Doc. No. 1] at 3.

[5] Pl.'s Compl. [Doc. No. 1] at 3.

[6] Pl.'s Compl. Ex. A [Doc. No. 1-2]; Defs.' Mot. To Dismiss Pl.'s Compl. [Doc. No. 17] at 6-7.

[7] Plaintiff did not respond to either motion.

[8] Defs.' Mot. Dismiss [Doc. No. 17] at 5.

[9] Defs.' Mot. Dismiss [Doc. No. 21] at 4.

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

**A. Pennsylvania's statute of limitations does not bar Plaintiff's defamation claim**

Defendants first argue that Pennsylvania's statute of limitations bars Plaintiff's defamation claim because Plaintiff failed to bring his claim within one year of when the alleged defamatory statements were made.[12] "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."[13]

Here, Plaintiff's Complaint alleges that defamatory statements were made by Defendants "[o]n or about December 2020, April 2021."[14] Although vague, as Plaintiff filed his Complaint on March 2, 2022, within one year of April 2021, the Complaint is not wholly untimely on its face. Therefore, dismissal is not warranted on this basis.

**B. Plaintiff has not stated a claim for defamation**

Defendants next argue that Plaintiff failed to establish the elements of defamation because Plaintiff failed to plead its elements with specificity. Under Pennsylvania law,

> [i]n an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised: (1) The defamatory character of the communication. (2) Its publication by the defendant. (3) Its application to the plaintiff. (4) The understanding by the recipient of its defamatory meaning. (5) The understanding by the recipient of it as intended to be applied to the plaintiff. (6) Special harm resulting to the plaintiff from its publication. (7) Abuse of a conditionally privileged occasion.[15]

---

[12] 42 Pa. Cons. Stat. Ann. § 5523(1).

[13] *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (internal citation omitted).

[14] Pl.'s Compl. [Doc. No. 1] at 3.

[15] 42 Pa. Cons. Stat. Ann. § 8343(a).

A defamatory communication is one that "tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating with him."[16]

To establish the defamatory character of a communication, "[a] complaint for defamation must, on its face, identify specifically what allegedly defamatory statements were made, and to whom they were made."[17] "Failure to do so will subject the complaint to dismissal for lack of publication."[18] In this case, Plaintiff broadly asserts that Defendants "made an utterly false and defamatory statement against [him] accusing him of secretly recording a meeting."[19] However, Plaintiff has failed to allege with specificity who made the statement and to whom it was made. The broad allegation that the "whole Biomedical Department" at CHOP was "involved" is insufficient as the Court cannot determine from the Complaint what role these individuals allegedly played.[20]

To satisfy the special harm requirement, Plaintiff must allege that he suffered a "specific monetary or out-of-pocket loss as a result of the defamation."[21] Harm must be economic or pecuniary in nature; "mere loss of reputation is not sufficient to prove special harm."[22] Here, Plaintiff has alleged only in conclusory terms that his character and reputation were harmed and

---

[16] *Synygy, Inc. v. ZS Assocs., Inc.*, 110 F. Supp. 3d 602, 612 (E.D. Pa. 2015) (internal quotation marks and citation omitted).

[17] *Bank v. Cmty. Coll. of Phila.*, No. 22-293, 2022 WL 2905243, at *3 (E.D. Pa. July 22, 2022) (internal quotation marks and citation omitted).

[18] *Id.* (internal quotation marks and citations omitted).

[19] Compl. [Doc. No. 1] at 3.

[20] *See Bank*, 2022 WL 2905243, at *3 (holding that "[i]t is not enough that [the plaintiff] include, as he does, his interpretation of what he takes the import of the communications to be—he must identify the specific statements . . . that he maintains are defamatory").

[21] *Synygy, Inc.*, 110 F. Supp. 3d at 617 (internal quotation marks and citations omitted).

[22] *Tucker v. Fischbein*, No. 97-6150, 2005 WL 67076, at *3 (E.D. Pa. Jan. 11, 2005) (internal quotation marks and citations omitted).

that he "suffered financially, personal humiliation, and mental anguish."[23] This is too vague to state a claim.

### C. Defendants' alleged defamatory publication is subject to a conditional privilege

Defendants argue that any publication is subject to a conditional privilege when it concerns an investigation into violating workplace policies. Under Pennsylvania law, conditional privilege attaches when a communication is made on proper occasion, in a proper manner, for a legitimate reason of the speaker, and is based on reasonable cause.[24] This privilege applies to communications among management level personnel concerning an employee's job performance, discipline, and termination.[25] To overcome a conditional privilege, a plaintiff must allege that "it was abused or exceeded—for example, by actual malice, or by publishing the statement to more recipients than was necessary."[26] "To survive a motion to dismiss, defamation plaintiffs therefore must plead abuse of a conditional privilege, at least where the potential relevance of a privilege is clear from the complaint."[27]

Here, an email attached to the Complaint indicates that Plaintiff's supervisor reported to HR the suspicion that Plaintiff may have secretly recorded a meeting.[28] Upon investigating the allegation, HR concluded there was no wrongdoing.[29] HR shares an interest in Plaintiff's

---

[23] Pl.'s Compl. [Doc. No. 1] at 3.

[24] *Gallagher v. Archdiocese of Phila,* No. 632 EDA 2017, 2107 WL 5256416 (Pa. Super Ct. Nov. 13, 2017); *Miketic v. Baron*, 675 A.3d 324, 329 (Pa. Super. Ct. 1996).

[25] *Daywalt v. Montgomery Hosp.*, 573 A.2d 1116, 1118–19 (Pa. Super. Ct. 1990) (holding that communications between a supervisor, payroll department, and personnel director regarding the alleged alteration of a timecard by an employee were conditionally privileged); *c.f. Lutz v. Royal. Ins. Co. of Am.*, 586 A.2d 278, 286 (N.J. Super. Ct. App. Div. 1991) (holding under New Jersey law that a report made to a supervisor regarding a fellow employee's alleged sexual harassment was conditionally privileged).

[26] *Udodi v. Stern*, 438 F. Supp. 3d 293, 303 (E.D. Pa. 2020) (citations omitted).

[27] *Id.* at 303-304 (.citation omitted).

[28] Pl.'s Compl. Ex. A [Doc. No. 1-2] at 2.

[29] Pl.'s Compl. Ex. A [Doc. No. 1-2] at 2.

activities, insofar as it performs the function of investigating employee-initiated allegations and carrying out disciplinary procedure for Defendant CHOP. Moreover, Plaintiff did not identify third parties to whom the alleged defamatory statement was made. Therefore, Plaintiff has failed to allege that Defendant CHOP abused its privilege, as required by Pennsylvania law. The Court will grant the motion to dismiss and allow Plaintiff the opportunity to file an amended complaint.

### D. Motion to Dismiss Based on Judicial Estoppel

Defendants' second motion to dismiss argues that judicial estoppel bars Plaintiff's claim because Plaintiff failed to disclose this case (and others) during bankruptcy proceedings, resulting in the discharge of Plaintiff's debt. The doctrine of judicial estoppel "seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding."[30] Judicial estoppel is appropriate where the following elements have been met: "(1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2) the party changed his or her position in bad faith, i.e., in a culpable manner threatening to the court's authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity."[31]

On February 14, 2023, while this action was pending, Plaintiff filed in the bankruptcy case a written affirmation on an assets and liabilities form that he did not have any current or potential "[c]laims against third parties," including any "employment disputes . . . or rights to sue."[32] Based on Plaintiff's representations, the United States Bankruptcy Court for the District

---

[30] *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996).

[31] *Dam Things from Den. v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 559 (3d Cir. 2002).

[32] Defs.' [Second] Mot. Dismiss [Doc. No. 21-5] at 10, Ex. C, Official Form 106A/B. *See In re Scott*, No. 22-19638 (Bankr. N.J. filed Dec. 6, 2022).

of New Jersey discharged $638,000 of Plaintiff's debt.[33] Plaintiff's failure to disclose pending cases in the bankruptcy proceeding could warrant the application of judicial estoppel. However, Plaintiff recently filed a motion in the bankruptcy case, seeking to reopen the case and file amended schedules to identify his pending cases, including this one.[34] The Bankruptcy Court for the District of New Jersey granted the motion on August 29, 2023, reopening the case, allowing for the filing of amended schedules, and directing the appointment of a trustee.[35] The Court therefore will deny the motion based on judicial estoppel at this time.

IV.   **CONCLUSION**

For the reasons stated above, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted, and Plaintiff will be granted the opportunity to file an amended complaint. An order will be entered.

---

[33] Defs.' [Second] Mot. Dismiss [Doc. No. 21-2] at 9.

[34] *In re Scott*, No. 22-19638, Doc. No. 51 (Bankr. N.J. Aug. 7, 2023).

[35] *In re Scott*, No. 22-19638, Doc. No. 53 (Bankr. N.J. Aug. 29, 2023).